```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
VINCENT CAMARDA,                                                        :
                                                                        :
                                    Plaintiff,                          :
                -v-                                                     :    24-CV-192 (JMF)
                                                                        :
NATIONAL RAILROAD PASSENGER                                             :    MEMORANDUM OPINION
CORPORATION d/b/a AMTRAK et al.,                                        :        AND ORDER
                                                                        :
                                                                        :
                                    Defendants.                         :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On January 10, 2024, Defendant National Railroad Passenger Corporation (d/b/a "Amtrak") removed this action from the Supreme Court of New York, Bronx County. *See* ECF No. 1, ¶¶ 16-21. For removal to be proper, however, *all* defendants must join or consent to removal, *Metro. Transp. Auth. v. U.S. Fidelity & Guar. Co.*, No. 14-CV-9059 (PAE), 2015 WL 1730067, at *4 (S.D.N.Y. Apr. 14, 2015), and Amtrak's notice of removal did not allege that the other Defendant, United Rental, Inc., timely joined or consented to the removal. Accordingly, this Court issued an order requiring Amtrak to show cause why the action should not be remanded. *See* ECF No. 8. On January 31, 2024, Amtrak filed a response conceding that while it "had a good faith belief that United Rental would consent to removal of this case to Federal Court," it had not actually obtained consent from United Rental before filing its notice of removal. Moreover, United Rental later communicated that it did *not* consent to removal and instead filed its Answer in state court. *See* ECF No. 11, at 2. Amtrak thus concedes that removal is improper and "stipulates to remand this case to New York County Supreme Court." *Id.* It follows that — whether or not the removal would have otherwise been proper, a question the

Court need not and does not reach — the case must be and is remanded back to the state court from whence it came.[1]

The Clerk of Court is directed to immediately remand this case back to the Supreme Court of New York, County of New York, and to close the case on this Court's docket.

SO ORDERED.

Dated: February 1, 2024
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1] To be clear, the removal would have been improper, and remand required, even if United Rental had not indicated that it opposed removal, as the law requires notice of consent within thirty days of removal. *See Taylor v. Medtronic, Inc.*, 15 F.4th 148, 151 (2d Cir. 2021) ("Where, as here, a properly served defendant fails to provide notice of consent to removal within the thirty-day statutory period, the defendant cannot cure that failure by providing late consent.").